UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PRINCE UGWU and GIFT AGUJIOKE,

                         Plaintiffs,

           v.

ETHIOPIAN AIRLINES, ETHIOPIAN AIRLINES
ENTERPRISE, ETHIOPIAN AIRLINES GROUP, INC.,

                        Defendants.
-------------------------------------------------------------------X

**MEMORANDUM &
ORDER**

24-CV-8847
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiffs Prince Ugwu and Gift Agujioke (collectively, "Plaintiffs") bring this action

against Defendants Ethiopian Airlines, Ethiopian Airlines Enterprise, and Ethiopian Airlines

Group, Inc. (collectively, "Defendants" or "Ethiopian Airlines").  Plaintiffs allege breach of

contract of carriage of persons and breach of contract of carriage of baggage under the Convention

for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty

Doc. No. 106-45, 2242 U.N.T.S. 309 (the "Montreal Convention"),[1] in relation to events that took

---

[1] As the United States Court of Appeals for the Second Circuit explains,

> [t]he Warsaw Convention was drafted when the airline industry was in its infancy.  It was
> the product of two international conferences—the first held in Paris in 1925 and the second
> in Warsaw in 1929—and four years of work by the interim Commité International
> Technique d'Experts Juridique Aériens (CITEJA) formed at the Paris Conference.  The
> Convention had two primary goals: first, to establish uniformity in the aviation industry
> with regard to "the procedure for dealing with claims arising out of international
> transportation and the substantive law applicable to such claims," as well as with regard to
> documentation such as tickets and waybills; second—clearly the overriding purpose—to
> limit air carriers' potential liability in the event of accidents.

*Ehrlich v. Am. Airlines, Inc.*, 360 F.3d 366, 370 (2d Cir. 2004) (citation omitted).  "[T]he Montreal
Convention . . . succeeded the Warsaw Convention, [and keeps] many of the same, if not substantially
similar provisions."  *Urbach v. Deutsche Lufthansa AG*, No. 25-CV-2030 (BMC), 2025 WL 2959921, at
*3 (E.D.N.Y. Oct. 20, 2025) (citing *Indem. Ins. Co. of N. Am. v. Unitrans Int'l Corp.*, 98 F.4th 73, 78 (2d
Cir. 2024)).  "Whereas the Warsaw Convention sought to encourage the development of commercial

1

place concerning Plaintiffs' airline travel between Queens, New York and Lagos, Nigeria. *See* Dkt. No. 42.

Currently pending before this Court is Defendants' motion to strike Plaintiffs' jury demand.[2] Dkt. No. 44. For the reasons set forth below, Defendants' motion is granted. The upcoming trial will be held before the undersigned, not a jury.

## I.      Background

Plaintiffs initiated this action on December 27, 2024. Dkt. No. 1. Plaintiffs allege in the Complaint that Ethiopian Airlines is "registered in New York as 'ETHIOPIAN AIRLINES ENTERPRISES,'" and that Ethiopian Airlines "is and was doing business by other names, including ETHIOPIAN AIRLINES ENTERPRISES and ETHIOPIAN AIRLINES GROUP, INC., and thus the ETHIOPIAN AIRLINES entities operate as one operation." *Id.* ¶ 4. Plaintiffs also allege that Ethiopian Airlines is a "Foreign Corporation owned by the Government of Ethiopia," and that it "was and is a common carrier engaged in the business of transporting passengers for hire by air." *Id.* ¶¶ 5-6. Further, Plaintiffs invoke this Court's jurisdiction "pursuant to 28 U.S.C. § 1331 insofar as federal question is presented pursuant to the [Montreal Convention]," and "pursuant to 28 U.S.C. § 1605(a)(2) of the Foreign Sovereign Act [*sic*] Immunities Act insofar as this action is based upon defendant's commercial activity carried on in the United States." *Id.* ¶¶ 9, 10. Plaintiffs demand a "jury trial of all issues in this case." *Id.* ¶ 38. In the parties' proposed joint pretrial order, Plaintiffs invoke only the Montreal Convention as a basis for subject matter jurisdiction, while Defendants invoke both the Montreal Convention and 28 U.S.C. § 1330(a) of

---

aviation by limiting liability, the Montreal Convention reflects an additional consideration: 'the importance of ensuring protection of the interests of consumers in international carriage by air and the need for equitable compensation based on the principle of restitution.'" *Lee v. Air China Ltd.*, No. 25-CV-2235 (NCM) (CHK), 2026 WL 1296688, at *3 (E.D.N.Y. May 12, 2026) (quoting *Ehrlich*, 360 F.3d at 371 n.4).

[2] The parties consented to the undersigned's jurisdiction on October 22, 2025. *See* Dkt. Nos. 30, 31.

the Foreign Sovereign Immunities Act ("FSIA").  Dkt. No. 42 at 2.  Also in the proposed joint pretrial order, "Plaintiffs contend that the matter should proceed before a jury pursuant to their timely jury demand," whereas Defendants state "[t]his action is to be tried without a jury" because "[t]he FSIA prohibits jury trials against a 'foreign state.'"  *Id.* at 3-4.

In short, Plaintiffs and their minor son purchased round-trip airline tickets from Ethiopian Airlines for the following itinerary: "depart from JFK Airport in New York via ETHIOPIAN AIRLINES flight ET0514 on December 20, 2023, stop-over in ABJ, Ivory Coast and arrive LOS Airport, Nigeria on December 21, 2023"; return flight on January 17, 2024 from LOS, Nigeria to JFK, New York.  Dkt. No. 1 ¶¶ 14-15, 25; *see also* Dkt. No. 42 at 2.  Plaintiffs and their son contend that they encountered several issues on their trip, including: (1) upon checking in for their flight on December 20, 2023, Plaintiffs were told that their minor son was not ticketed; (2) after being provided with a ticket number for their minor son, an Ethiopian Airlines agent told Plaintiffs that Ethiopian Airlines "did not have a flight from ABJ, Abidjan to LOS, Nigeria"; (3) Plaintiff Agujioke "suffered severe exhaustion, became[] weak, dizzy, and passed out" due to the "long wait and treatment meted out to the Plaintiffs by" Ethiopian Airlines; (4) Plaintiffs then could not travel on December 20, 2023 due to Ethiopian Airlines' alleged negligence; (5) Plaintiffs could not fly to Nigeria until December 27, 2023; (6) Plaintiffs and their son checked in five bags on their January 17, 2024 return flight, but four of the bags did not arrive in New York that day or the following day, and the bags did not arrive at their home in Ohio until January 25, 2024, eight days after their flight; and (7) when the four bags arrived on January 25, 2024, two of the bags were damaged.  *See* Dkt. No. 1 ¶¶ 16-27.  Plaintiffs allege that Ethiopian Airlines denied Plaintiffs and their son boarding on the December 20, 2023 flight, constituting breach of contract of carriage in violation of the Montreal Convention.  *Id.* ¶¶ 29-30; Dkt. No. 42 at 2-3.  They also claim that the

3

four delayed bags and the damaged bags and items inside those bags constitute breach of contract of carriage of baggage.  Dkt. No. 1 ¶¶ 32-37; Dkt. No. 42 at 2-3.  Plaintiffs contend that "Ethiopian Airlines is liable under Articles 19, 17(2), and 22 of the Montreal Convention for [the aforementioned] delayed carriage, delayed baggage, damaged baggage, and resulting damages."  Dkt. No. 42 at 2.

Defendants filed their Answer on May 16, 2025.  Dkt. No. 15.  In their Answer, Defendants admit that Ethiopian Airlines is owned by the government of Ethiopia.  *Id.* ¶ 5.

Pursuant to Local Civil Rule 83.7(d), this action was designated to participate in the Court Annexed Arbitration Program.  Dkt. No. 9.  The parties appeared for arbitration before Arbitrator Margarita Echevarria on September 16, 2025.  Dkt. Nos. 17, 24.  On September 22, 2025, an arbitration award was issued.  Arbitration Award, dated Sep. 22, 2025.  Pursuant to Local Civil Rule 83.7(h), Ethiopian Airlines filed a request for trial *de novo* on September 26, 2025.  Dkt. No. 26.

Discovery was certified as complete on June 30, 2026.  Dkt. No. 39; Text Order, dated June 30, 2026.  Trial is scheduled to commence before this Court on August 10, 2026.  Text Order, dated June 10, 2026.  The parties' proposed joint pretrial order, filed July 9, 2026, indicated the parties' disagreement as to whether the case should be tried before a jury.  *See* Dkt. No. 42 at 3-4.  On July 15, 2026, Ethiopian Airlines moved to strike Plaintiffs' jury demand.  Dkt. No. 44.  Plaintiffs opposed Ethiopian Airlines' motion on July 17, 2026.  Dkt. No. 45.  Pursuant to the Court's directive, Ethiopian Airlines filed a supplemental declaration in support of its motion on July 23, 2026.  Dkt. No. 46.  Despite the opportunity to do so, Plaintiffs did not respond to Ethiopian Airlines' supplemental declaration.

## II.    Discussion

Under Federal Rule of Civil Procedure 39, when a demand for a jury trial has been made, "the court, on motion or on its own," may strike the jury demand where it "finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). "[P]arties have a great deal of latitude on the timing of motions to strike a jury demand, such that a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial." *Long Beach Rd. Holdings, LLC v. Foremost Ins. Co.*, No. 2:14-CV-1801 (ADS) (AYS), 2019 WL 13072678, at *1 (E.D.N.Y. Apr. 4, 2019) (internal quotation marks omitted) (quoting *Bear, Stearns Funding, Inc. v. Interface Grp.-Nev., Inc.*, No. 03-CV-8259 (CSH), 2007 WL 3286645, at *3 (S.D.N.Y. Nov. 7, 2007)).

### A.    Relevant Law and the Parties' Positions

Ethiopian Airlines moves to strike Plaintiffs' jury demand, pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure, on the basis that the FSIA, 28 U.S.C. § 1602 *et seq.*, prohibits jury trials of claims against foreign states. *See* Dkt. No. 44. "The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief *in personam* with respect to which the foreign state is not entitled to immunity." 28 U.S.C. § 1330(a). A "foreign state" includes "a political subdivision of a foreign state or an agency or instrumentality of a foreign state." 28 U.S.C. § 1603(a). An "agency or instrumentality of a foreign state" means any entity: (1) "which is a separate legal person, corporate or otherwise"; (2) "which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof"; and (3) "which is neither a citizen of a

5

State of the United States as defined in section 1332 (c) and (e) of this title, nor created under the laws of any third country." 28 U.S.C. § 1603(b).

The FSIA defines when a party is entitled to immunity as a foreign state, and under what circumstances federal courts may exercise jurisdiction over foreign states. *See* 28 U.S.C. §§ 1603-07. Here, the parties do not dispute that Ethiopian Airlines, even if entitled to the protection of the FSIA, is not immune to any of the Plaintiffs' claims. *See* Dkt. No. 44 at 2-3 ("Ethiopian Airlines' sovereign immunity is waived by the 'commercial activities' exception as Plaintiffs['] claims arise out of Ethiopian Airlines' commercial activities of international carriage by air originating in the United States.").

The FSIA, however, only provides for nonjury civil trials against foreign states. *See* 28 U.S.C. § 1330. Because the FSIA "'is the sole source for subject matter jurisdiction over any action against a foreign state,' the only jurisdiction this court enjoys with respect to civil actions against foreign states is the jurisdiction to conduct nonjury trials." *Aboeid v. Saudi Arabian Airlines, Inc.*, No. 10-CV-2518 (SJ) (VVP), 2011 WL 2222140, at \*3 (E.D.N.Y. June 1, 2011) (first quoting *Cap. Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 293 (2d Cir. 2009); then citing *United States v. Cotton*, 535 U.S. 625, 630 (2002); then citing *Sosna v. Iowa*, 419 U.S. 393, 398 (1975); and then citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)).

In short, if Ethiopian Airlines is a "foreign state" within the meaning of Section 1603, Plaintiffs will not be entitled to a jury trial on any of their claims. *See Hussein v. Mait*, 129 F.4th 99, 103 (2d Cir. 2025) (noting that "the FSIA affords foreign sovereigns certain procedural protections: for example, . . . it entitles the sovereign to a bench trial in federal court" (citing 28 U.S.C. § 1330(a))); *Farah v. Emirates*, 728 F. Supp. 3d 290, 306 (S.D.N.Y. Mar. 21, 2024) ("Therefore, if Emirates is a 'foreign state' within the meaning of section 1603, Plaintiffs will not

be entitled to a jury trial on any of their civil claims." (citing *Bailey v. Grand Trunk Lines New Eng.*, 805 F.2d 1097, 1101 (2d Cir. 1986))); *Bank of Baroda v. Kejriwal Newsprint Mills, LLC* ("*Bank of Baroda II*"), No. 21-CV-6982 (ALC) (VF), 2023 WL 3688110, at *2 (S.D.N.Y. May 10, 2023) (noting that "a district court does not have jurisdiction to hear a claim against a foreign state *unless* it is tried to the bench and not a jury" (emphasis added) (citing *Ruggiero v. Compania Peruana de Vapores Inca Capac Yupanqui*, 639 F.2d 872, 875-76 (2d Cir. 1981))), *report and recommendation adopted*, 2023 WL 3687802 (S.D.N.Y. May 26, 2023); *see also* 14A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3662 (4th ed., Apr. 2026 update) ("[A]s in suits against the United States government, there is no jury trial right in actions against foreign states or their non-exempt instrumentalities, and many decisions confirm this principle." (footnote omitted) (collecting cases)).

"To invoke the FSIA, Defendants must produce *prima facie* evidence that they are entitled to sovereign immunity . . . . The ultimate burden of persuasion remains with [Ethiopian Airlines] as the party asserting" FSIA applicability. *Farah*, 728 F. Supp. 3d at 306 (first citing *Marchisella v. Gov't of Japan*, No. 02-CV-10023 (DC), 2004 WL 307248, at *2-3 (S.D.N.Y. Feb. 17, 2004); and then citing *Robinson v. Gov't of Malay.*, 269 F.3d 133, 141 (2d Cir. 2001)). "[A]n affidavit based on personal knowledge could constitute adequate proof to establish that [a party] is a foreign state." *Bank of Baroda v. Kejriwal Newsprint Mills, LLC* ("*Bank of Baroda I*"), No. 21-CV-6982 (ALC) (VF), 2022 WL 3755270, at *2 (S.D.N.Y. Aug. 30, 2022).

Here, Ethiopian Airlines argues that it is a "foreign state" under the FSIA because it is a "federal public enterprise organized and existing under the laws of the Federal Democratic Republic of Ethiopia and established by the Council of Ministers Regulation Nos. 406/2017 and 452/2019." Dkt. No. 44 at 1; *see also* Dkt. Nos. 44-2, 44-3. Ethiopian Airlines asserts that it is

7

"wholly owned by the Federal Democratic Republic of Ethiopia." Dkt. No. 44 at 2. In support of this assertion, Ethiopian Airlines filed copies of Council of Ministers Regulation Nos. 406/2017 and 452/2019 published in the Federal Negarit Gazette of the Federal Democratic Republic of Ethiopia, which is "an official publication of the Federal Democratic Republic of Ethiopia." Dkt. No. 44-1 ¶ 4; Dkt. Nos. 44-2, 44-3.

In opposition, Plaintiffs argue that "Defendant bears the burden of establishing that it qualifies as a foreign state or an agency or instrumentality of a foreign state within the meaning of 28 U.S.C. § 1603 and that the nonjury provisions of 28 U.S.C. § 1330 apply to this action." Dkt. No. 45 at 1. Plaintiffs "do not dispute the existence of" Council of Ministers Regulation Nos. 406/2017 and 452/2019; rather, they assert that the record set forth by Ethiopian Airlines "does not independently address Defendant's current ownership, citizenship, or whether every named Defendant is the same legal entity identified in the regulations." *Id.* at 2. Plaintiffs also note that they do not "disregard" the "substantial authority supporting [Ethiopian Airlines'] position, including decisions recognizing that actions against qualifying foreign states and their agencies or instrumentalities generally proceed as nonjury actions pursuant to 28 U.S.C. § 1330(a)." *Id.* Plaintiffs, however, seek to "preserve their timely jury demand" and request that the Court "determine, in the first instance, whether Defendant has met its burden of establishing the applicability of the FSIA's nonjury provisions in this case." *Id.*

After the Court directed Ethiopian Airlines to supplement their motion with a declaration from an individual with personal knowledge of Defendants' ownership, Ethiopian Airlines filed a declaration of Michael Yared, the "Country Director Sales, Marketing and Services – USA" at Ethiopian Airlines since May 1996. Dkt. No. 46 ¶ 2. The declaration is "based upon [Yared's] personal knowledge and/or review of the records of Ethiopian Airlines Group that are created and

8

maintained in the regular course of its business," and Yared is "fully familiar with Ethiopian Airlines' corporate structure." *Id.* ¶¶ 1, 5, 6.

First, Yared clarifies that that the "correct legal name" for Ethiopian Airlines is "Ethiopian Airlines Group," pursuant to Council of Ministers Regulation Nos. 406/2017 and 452/2019. *Id.* ¶¶ 11. "Ethiopian Airlines Enterprise" is a "former name of Ethiopian Airlines Group"; "Ethiopian Airlines Group, Inc." is "not a separate legal entity but refers to Ethiopian Airlines Group"; and "Ethiopian Airlines" is a "registered trademark owned by Ethiopian Airlines Group" and is the "doing-business-as (d/b/a) designation for Ethiopian Airlines Group," not a separate legal entity. *Id.* ¶¶ 13, 14, 15. Next, Yared explains that "Ethiopian Airlines Group is a federal public enterprise organized and existing under the laws of the Federal Democratic Republic of Ethiopia and established the Council of Ministers Regulation Nos. 406/2017 and 452/2019." *Id.* ¶ 16. "Based upon [Yared's] review of the records maintained by Ethiopian Airlines Group, and [Council of Ministers Regulation Nos. 406/2017 and 452/2019], Ethiopian Airlines Group is wholly owned by the Federal Democratic Republic of Ethiopia. No private individual or non-governmental entity owns any share of Ethiopian Airlines Group." *Id.* ¶ 17.

Yared also points to the Ethiopian Airlines' "publicly available website," which states that Ethiopian Airlines' ownership is "Government of Ethiopia (100%)." *Id.* ¶ 18 (citing *Ethiopian*, https://corporate.ethiopianairlines.com/AboutEthiopian/Overview (last visited July 24, 2026)).

As noted above, Plaintiffs did not file anything in response to Yared's declaration.

9

**B.      Analysis**

The Court agrees with Ethiopian Airlines that it has met its burden to demonstrate that it is wholly owned by the Federal Democratic Republic of Ethiopia and constitutes a foreign state under 28 U.S.C. § 1603(a)-(b), and, accordingly, it is not subject to a jury trial before this Court.[3]

Importantly, Yared's declaration, based on his personal knowledge and review of relevant documents, attests that Ethiopian Airlines is wholly owned by the Federal Democratic Republic of Ethiopia, a foreign government. Dkt. No. 46 ¶ 17. He also attests that the structure set out in Council of Ministers Regulation Nos. 406/2017 and 452/2019, which established Ethiopian Airlines as a federal public enterprise, is still in effect today. *Id.* Yared's declaration also points to Ethiopian Airlines' publicly available website, which states that it is wholly owned by the Ethiopian government. *Id.* ¶ 18.

Thus, Ethiopian Airlines has demonstrated that it is an agency or instrumentality of the Federal Democratic Republic of Ethiopia under the FSIA. This conclusion is consistent with the "[n]umerous courts in actions against airlines owned by foreign governments" which have held that such a defendant is "subject only to nonjury trials in the federal courts of the United States." *Aboeid*, 2011 WL 2222140, at *2 (first citing 28 U.S.C. § 1330(a); then citing *Laor v. Air Fr.*, 51 F. Supp. 2d 505, 507-08 (S.D.N.Y. 1999); then citing *Eichler v. Lufthansa German Airlines*, 794 F. Supp. 127, 130 (S.D.N.Y. 1992); then citing *Burke v. Compagnie Nationale Air Fr.*, 699 F. Supp. 1016, 1019 (D.P.R. 1988); and then citing *Kraikeman v. Sabena Belgian World Airlines*, 674 F. Supp. 136, 137-38 (S.D.N.Y. 1987)); *see also Farah*, 728 F. Supp. 3d at 306 ("Therefore, if [Emirates Airlines] is a "foreign state" within the meaning of section 1603, Plaintiffs will not be entitled to a jury trial on any of their civil claims." (citation omitted)); *Singh v. Caribbean Airlines*

---

[3] The Court also notes that Ethiopian Airlines has clarified that, although named in the Complaint as three separate entities, Defendants are, in fact, a singular entity ("Ethiopian Airlines").

10

*Ltd.*, No. 13-CV-20639 (CMA), 2014 WL 11878439 (S.D. Fla. Jan. 27, 2014) (striking plaintiffs' jury demand because Caribbean Airlines Limited "is majority-owned by the Minister of Finance . . . of the Republic of Trinidad and Tobago" and, therefore, is an "agency or instrumentality" under the FSIA).

Indeed, courts have considered Ethiopian Airlines to be subject to the FSIA. *See, e.g.*, *Edem v. Ethiopian Airlines Enter.*, No. 08-CV-2597 (RJD) (LB), 2009 WL 4639393, at *2, *4 (E.D.N.Y. Sep. 30, 2009), *aff'd*, 501 F. App'x 99 (2d Cir. 2012); *Allfreight Worldwide Cargo, Inc. v. Ethiopian Airlines Enter.*, 307 F. App'x 721 (4th Cir. 2009); *Danklou v. Ethiopian Airlines*, No. 23-CV-300 (LMB) (JFA), 2023 WL 4937387, at *1 (E.D. Va. May 26, 2023) (stating that "defendant [Ethiopian Airlines] is not simply a foreign corporation, but is an instrumentality of the Federal Democratic Republic of Ethiopia" (citations omitted)).

Plaintiffs do not argue that Yared's declaration is insufficient to meet Ethiopian Airlines' burden, nor have Plaintiffs pointed to any evidence to suggest that Ethiopian Airlines is anything but wholly government-owned, as readily demonstrated by Ethiopian Airlines. In fact, as previously discussed, Plaintiffs allege in the Complaint that Ethiopian Airlines is "owned by the Government of Ethiopia." Dkt. No. 1 ¶¶ 5-6.

Accordingly, under 28 U.S.C. § 1330, "the court has 'original jurisdiction' for a 'civil action against a foreign state,' but the statute expressly requires a 'nonjury' trial"; therefore, Ethiopian Airlines "is not subject to a jury trial in federal court." *Bank of Baroda II*, 2023 WL 3688110, at *2 (quoting 28 U.S.C. § 1330(a)).

**III.**   **Conclusion**

For the foregoing reasons, Ethiopian Airlines' motion to strike Plaintiffs' jury demand is granted.  The August 4, 2026 final pre-trial conference will proceed as scheduled.

Dated:      Brooklyn, New York                **SO ORDERED.**
            July 24, 2026

                                                 /s/ Joseph A. Marutollo
                                               JOSEPH A. MARUTOLLO
                                               United States Magistrate Judge